UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SAMUEL DODSON,<br><br>　　　　　　　　　　　Plaintiff(s),<br><br>　v.<br><br>STATE OF NEVADA, ex rel, DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　　　　　　　　Defendant(s). | Case No. 2:13-CV-787 JCM (VCF)<br><br>ORDER |

Presently before the court is defendant State of Nevada ex. rel. Department of Corrections et al's (hereinafter "defendant") motion to dismiss *pro se* plaintiff Samuel Dodson's (hereinafter "plaintiff") amended complaint. (Doc. # 28). Plaintiff filed a response[1], (doc. # 29), and defendants filed a reply, (doc. # 31).

**I.　　Background**

This is a civil rights action brought under 42 U.S.C. 1983. Plaintiff is an inmate at High Desert State Prison in Indian Springs, Nevada. (Doc. # 8 at 1). At some point, plaintiff informed prison staff that he had eye problems and needed cataract surgery. (Doc. # 8 at 4). On March 3, 2012, the medical committee of the Nevada Department of Corrections (hereinafter "medical committee") sent plaintiff to see Dr. George Leaks, an optometrist. (Doc. # 25 at 4).

On April 14, 2012, Dr. Leaks recommended that plaintiff have a cataract extraction performed on his left eye and noted the decreased strength of plaintiff's right eye. (Doc. # 8 at 4). Dr. Leaks told plaintiff that he would contact the Nevada Department of Corrections' Utilization

---

[1] Plaintiff filed an additional motion which he calls a "motion for an order denying defendant's motion to dismiss § 1983." (Doc. # 32). This motion is duplicative of plaintiff's response, (doc # 29). Accordingly, plaintiff's duplicative motion will be denied as moot.

**James C. Mahan**
**U.S. District Judge**

1 Review Panel (hereinafter "URP") and recommend that plaintiff be approved for cataract surgery. (Doc. # 25 at 4).

On March 5, 2013, plaintiff filed his original complaint in the Eighth Judicial District Court in Clark County, Nevada. (Doc. # 8). Plaintiff's original complaint alleges that the Nevada Department of Corrections denied him medical treatment in violation of the Eighth and Fourteenth Amendments to the Constitution. Plaintiff states that the Nevada Department of Corrections took no action after Dr. Leaks's exam, despite plaintiff's offer to partially pay for his cataract surgery through the use of his prison account. (Doc. # 8 at 4).

On May 6, 2013, defendants removed the case to federal court. (Doc. # 2). On January 27, 2014, defendants filed a motion to dismiss. (Doc. # 17). Defendants stated that the State of Nevada, Nevada Department of Corrections, and the medical committee were not proper parties to plaintiff's lawsuit.

On April 25, 2014, plaintiff filed an amended complaint. (Doc. # 25). Plaintiff still names the state of Nevada as a defendant, but plaintiff no longer names the Nevada Department of Corrections or the medical committee as defendants. Instead, plaintiff names five members of the URP as individual defendants: panel director Robert Bannister; physicians Karen Gedney, John Parry, and Marsha Johns; and registered nurse Don K. Jennings. (Doc. # 25).

Defendant moves to dismiss plaintiff's complaint in its entirety for insufficient service of process under Fed. R. Civ. Proc. 4(m). (Doc. # 28). Defendant also moves to dismiss the state of Nevada from plaintiff's amended complaint for failure to state a claim upon which relief can be granted under Fed. R. Civ. Proc. 12(b)(6).

**II.    Legal standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)

**James C. Mahan**
**U.S. District Judge**

- 2 -

(citation omitted). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 1949.

Where the complaint does not "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief." *Id*. (internal quotations and alterations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

As an initial matter, the court acknowledges plaintiff filed his response to defendants' motion to dismiss *pro se*. Plaintiff's response to defendants' motion to dismiss is, therefore, held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se*

James C. Mahan
U.S. District Judge

- 3 -

1  is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to
2  less stringent standards than formal pleadings drafted by lawyers.") (internal quotations and
3  citations omitted). However, "*pro se* litigants in the ordinary civil case should not be treated more
4  favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir.
5  1986).

6        a. *Service of process – Rule 4(m)*

7  Federal Rule of Civil Procedure 4(m) provides: "If a defendant is not served within 120
8  days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—
9  must dismiss the action without prejudice against that defendant or order that service be made
10 within a specified time. But if the plaintiff shows good cause for the failure, the court must extend
11 the time for service for an appropriate period." Fed. R. Civ. Proc. 4(m).

12 Defendant alleges that plaintiff did not properly serve his amended complaint on the five
13 members of the URP. Defendant maintains that plaintiff had until September 3, 2013, to serve his
14 amended complaint on these five defendants. Defendant states that plaintiff failed to do so when
15 he "allowed the action to lie dormant for nearly two years" without asking the court for an
16 extension of the service period. (Doc. # 28 at 4).

17 Plaintiff argues that his service was adequate because he mailed a copy of his amended
18 complaint to the "Attorney General's Office, as well as the U.S. District Court Clerk." (Doc. # 29
19 at 4). However, plaintiff did not serve the five members of the URP with a copy of his amended
20 complaint. Neither the Attorney general's office nor the U.S. District court clerk are authorized
21 to receive service on behalf of these five defendants. A copy of plaintiff's summons and amended
22 complaint "must be issued for each defendant to be served." Fed. R. Civ. Proc. 4(b).

23 While the court recognizes that plaintiff has filed his response to defendant's motion to
24 dismiss *pro se*, plaintiff must still follow the Federal Rules of Civil Procedure that govern service
25 of process. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow
26 the same rules of procedure that govern other litigants."); see also *Ghazali v. Moran*, 46 F.3d 52,
27 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are
28

**James C. Mahan**
**U.S. District Judge**

- 4 -

bound by the rules of procedure.") Based on the foregoing, the court will grant defendants' motion to dismiss without prejudice.

    *b. Failure to state a claim upon which relief can be granted – Rule 12(b)(6)*

Defendant moves to dismiss with prejudice the State of Nevada as an improper defendant in this action. A state is not a person within the meaning of 42 U.S.C. § 1983. *See United States ex rel. Gittlemacker v. Pennsylvania*, 281 F.Supp. 175 (E.D. Pa. 1968), *aff'd*, 413 F.2d 84 (3d Cir. 1969), *cert. denied*, 396 U.S. 1046 (1970).

Plaintiff does not insist that Nevada is a proper party to his action in his response. Instead, plaintiff points to his *pro se* status and asks the court for leave to amend his complaint and remove Nevada as a defendant. The court finds leave to amend is not warranted because the deficiencies in plaintiff's complaint with regard to the state of Nevada are not curable. The state of Nevada is not a proper party to a §1983 action. Accordingly, the court will dismiss with prejudice the state of Nevada from plaintiff's §1983 action.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to dismiss, (doc. # 28), be, and the same hereby is, GRANTED.

Plaintiff's claims against panel director Robert Bannister, physicians Karen Gedney, John Parry, and Marsha Johns, and registered nurse Don K. Jennings are hereby DISMISSED without prejudice.

Plaintiff's claims against the state of Nevada are hereby DISMISSED.

IT IS FURTHER ORDERED THAT plaintiff's motion for an order denying defendant's motion to dismiss § 1983, (doc. # 32), be, and the same hereby is, DENIED as moot.

The clerk is ordered to close the case.

DATED August 3, 2015.

                                        /s/ James C. Mahan
                                    UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**