UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SAMUEL DODSON,<br><br>                        Plaintiff(s),<br><br>    v.<br><br>STATE OF NEVADA, ex rel, DEPARTMENT OF CORRECTIONS, et al.,<br><br>                        Defendant(s). | Case No. 2:13-CV-787 JCM (VCF)<br><br>ORDER |

*Pro se* plaintiff Samuel Dodson brings a motion to reconsider this court's prior order dismissing his complaint. (ECF No. 35). Also before the court is plaintiff's past-due response to defendant Nevada Department of Correction's motion to dismiss the amended complaint. (ECF No. 37).

### I. Relevant Background

Plaintiff's motion to reconsider challenges an order dismissing his civil rights action brought under 42 U.S.C. § 1983. (ECF No. 33). Plaintiff is an inmate at High Desert State Prison in Indian Springs, Nevada. (ECF No. 8 at 1). At some point, plaintiff informed prison staff that he had an eye problem and needed cataract surgery. (ECF No. 8 at 4). On March 3, 2012, the medical committee of the Nevada Department of Corrections sent plaintiff to see an optometrist. (ECF No. 25 at 4).

The optometrist recommended plaintiff have a cataract extraction and noted plaintiff's decreased eye strength. (ECF No. 8 at 4). The optometrist told plaintiff he would recommend approval of cataract surgery and contact the Nevada Department of Corrections Utilization Review Panel for approval. (ECF No. 25 at 4).

**James C. Mahan**
**U.S. District Judge**

Plaintiff filed his original complaint in the Eighth Judicial District Court in Clark County, Nevada. (ECF No. 8). It was then removed to this court. (*Id.*) Plaintiff's original complaint alleged that the Nevada Department of Corrections denied him medical treatment in violation of the Eighth and Fourteenth Amendments. (*Id.*) Thereafter, plaintiff filed an amended complaint adding Robert Bannister, Karen Getney, and John Perry as defendants. (ECF No. 25).

Defendant then filed a motion to dismiss the amended complaint arguing that the newly added defendants were improperly served under Rule 4(m) and that the State of Nevada was not the proper party. (ECF No. 33). This court agreed and dismissed the amended complaint. (ECF No. 33).

Plaintiff argues that he did not know that he needed to serve the newly added defendants. (ECF No. 35, 27). He also alleges he had limited access to the law library. (*Id.*) As a result, plaintiff now brings a motion to reconsider the dismissal.

**II.    Legal Standard**

"A motion to alter or The Federal Rules of Civil Procedure contain no specific provision for motions for reconsideration of a motion for preliminary injunction. However, generally, a motion for reconsideration may be brought under Rule 59(e). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e). A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

A motion for reconsideration "may not be used to raise arguments . . . for the first time when they could reasonably have been raised earlier in litigation." *Kona Enters*, 229 F.3d at 890. *See also United States v. Ward*, Case No. 2:14-cr-00306-LDG-NJK, 2015 U.S. Dist. LEXIS 47103, 10–11 (D. Nev. 2015) (Koppe, M.J.) (applying these civil reconsideration standards to a criminal case).

**III.    Discussion**

In his motion, plaintiff requests the court reconsider its order on inadequate service of process under Rule 4(m). (ECF No. 35). Plaintiff argues the court failed to notify defendant that he needed to properly serve the five individuals added to the amended complaint and that he was

James C. Mahan
U.S. District Judge

- 2 -

"not aware that he had to serve those individuals without a court order. . . ." (*Id.*). Plaintiff also cites other factors such as inadequate access to legal documents. (*Id.*).

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); FED. R. CIV. P. 60(b). Rule 59(e) "permits a district court to reconsider and amend a previous order," however "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted).

Despite construing plaintiff's motions with the liberal *pro se* standard in mind, the court concludes that plaintiff has not presented any valid grounds for the court to reconsider its prior order. Plaintiff does not present the court with newly discovered evidence, argue the court erred in its analysis of Rule 4(m), or argue there is a change in controlling law.

While plaintiff would like this court to alter its decision, that is not the purpose of a motion for reconsideration. *See Teller v. Dogge*, no. 2:12–cv–591–JCM–GWF, 2013 WL 508326, at *6 n. 6 (D.Nev. Feb. 8, 2013) ("Motions for reconsideration are not appropriate when a party wants the court to think about the issue again in the hope that the court will come out the other way the second time."). Accordingly, the motion does not demonstrate the "extraordinary remedy" required for reconsideration. *Carroll*, 342 F.3d at 945.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Samuel Dodson's motion to reconsider, (ECF No. 35), be and hereby is, DENIED.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiff Samuel Dodson's motion to reopen the case, (ECF No. 37), be and hereby is, DENIED.

DATED August 1, 2016.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge