# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SAMUEL DODSON, | Case No. 2:13-CV-787 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| STATE OF NEVADA, ex rel, DEPARTMENT OF CORRECTIONS, et al., | |
| Defendant(s). | |

Presently before the court is *pro se* plaintiff Samuel Dodson's motion to reopen case. (ECF No. 44). Defendant the State of Nevada, *ex rel*. Department of Corrections, filed a response. (ECF No. 45).

This was a civil rights action under 42 U.S.C. § 1983. *Pro se* plaintiff, an inmate in the custody of the Nevada Department of Corrections, filed the original complaint in state court on March 5, 2013, alleging claims for denial of medical treatment in violation of the Eighth and Fourteenth Amendments. (ECF No. 8). On May 6, 2013, defendant removed the action to this court. (ECF No. 2). On April 25, 2014, plaintiff filed an amended complaint. (ECF No. 25).

Defendants moved to dismiss the amended complaint for insufficient service of process under Federal Rule of Civil Procedure 4(m) and for failure to state a claim under Rule 12(b)(6). (ECF No. 28). Defendant argued that plaintiff failed to properly serve the amended complaint by "allow[ing] the action to lie dormant for nearly two years" without asking the court for an extension of the service period. (ECF No. 28 at 4).

On August 3, 2015, the court granted defendant's motion to dismiss plaintiff's amended complaint without prejudice. (ECF No. 33). The court found that plaintiff, while *pro se*, must still

**James C. Mahan**
**U.S. District Judge**

follow the Federal Rules of Civil Procedure that govern service of process. (ECF No. 33 at 4). Judgment in favor of all defendants against plaintiff was entered on that same day, closing the case. (ECF No. 34).

On October 5, 2015, plaintiff filed a motion for reconsideration (ECF No. 35), followed by a motion to reopen case on January 6, 2016 (ECF No. 37), both of which were denied (ECF No. 43). The court held that plaintiff's motion for reconsideration failed to demonstrate the "extraordinary remedy" required for reconsideration. (ECF No. 43 at 3). In particular, the court found that plaintiff failed to present any valid grounds for reconsideration, such as newly discovered evidence, error in the court's analysis of Rule 4(m), or changes in controlling law. (ECF No. 43 at 3); *see also Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

In the instant motion, plaintiff requests that case number A-13-677784-C be reopened. (ECF No. 44). This case number refers to plaintiff's original state court case that defendant removed to this court. In light of the fact that plaintiff is *pro se*, the court construes his motion as a request to reopen the underlying federal case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citations omitted)).

A district court has the authority to grant relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 352 (9th Cir. 1999). Further, in the Ninth Circuit, a district court has the authority to do so *sua sponte*. *Id.*

The court declines to reopen plaintiff's case and grant plaintiff relief from judgment. Even when liberally construed, plaintiff's motion fails to set forth any grounds to warrant such relief. The motion merely raises the same arguments that the court has previously rejected. Further, as plaintiff's amended complaint was dismissed without prejudice, the court finds no reason to reopen the instant action.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that *pro se* plaintiff's motion to reopen case (ECF No. 44) be, and the same hereby is, DENIED.

DATED October 25, 2016.

_____
UNITED STATES DISTRICT JUDGE